## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GLENN HOSEY, | ) | |
|     Plaintiff | ) | Case No. |
| | ) | Jury Trial Demanded |
|     v. | ) | Judge |
| | ) | |
| | ) | |
| UNIVERSITY OF NEW ORLEANS, | ) | |
|     Defendants, | ) | |

## COMPLAINT

NOW INTO COURT, Plaintiff, **GLENN HOSEY**, by and through undersigned counsel, for her complaint against defendants **UNIVERSITY OF NEW ORLEANS,** respectfully alleges as follows:

## INTRODUCTION

1. This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1981, and La. Const. Art. I, § 12: § 12. Freedom from Discrimination to redress unlawful discrimination on the basis of race.

## JURISDICTION

2. Jurisdiction is proper as this matter is based on *U.S.C. § 1981, and La. Const. Art. I, § 12: § 12. Freedom from Discrimination,* and principles of supplemental jurisdiction.

3. The unlawful race discrimination practices alleged herein were committed within the jurisdiction of the Eastern District of Louisiana, specifically New Orleans, Louisiana.

## PARTIES

4. Plaintiff, Glenn Hosey, is an African American citizen of the United States and submits himself to the jurisdiction of this Court.

5. Defendant, UNIVERSITY OF NEW ORLEANS, is a institute conducting business within this judicial district at 2000 Lakeshore Dr., New Orleans, LA 70148

## STATEMENT OF CLAIM

6. Plaintiff entered the university's gym to work out on June 13, 2017.

7. Plaintiff did not possess his membership card; however he requested the receptionist to pull up his name in the system.

8. The receptionist refused, although once entering a name a picture comes up in the system with all identifying information .

9. Plaintiff then requested to speak with the Assistant Director. Plaintiff was given the email address of the Assistant Director.

10. No other words were exchanged between staff and Plaintiff.

11. The same day, upon subsequently finding his identification, Plaintiff used the restroom in the gym, went to the reception desk, signed in with his Id card, and proceeded to workout without interruption from the University staff.

12. The following day, June 14, 2017, Plaintiff worked out in the University's gym again with no issues or interruptions from anyone.

12. On June 15, 2017, upon returning to the gym, Plaintiff was informed that a block was placed on his account.

13. He would have to meet with Ms. Jody, the Director, before he could be allowed to enter the gym. The meeting was scheduled for 2:00 pm.

14. Upon returning for the 2:00 meeting, police were called on the Plaintiff, although no one was in danger, no crime had been committed, and Plaintiff had not posed a threat to anyone.

15. The Director Jody intentionally filed a false police report, accusing the Plaintiff of skipping the line, sneaking into the building by using the handicap entrance, and engaging in hostile interactions with staff on June 13, 2017.

16. No surveillance or other evidence of these accusations were provided.

17. Plaintiff insisted that University surveillance footage would prove the incident to be false.

18. Plaintiff also later requested the University preserve the video as he felt he was being targeted based on his race.

19. The Director further informed the police she has had problems with Plaintiff and his father.

20. The Director further alleged to the police that she had stacks of incident reports on both the Plaintiff and the Plaintiff's father, although Plaintiff's father had never visited the gym and Plaintiff had never met the Director prior to that day.

21. None of these alleged reports were ever provided to Plaintiff.

22. The Director also refused to give Plaintiff a copy of the alleged incident reports she claimed to have on Plaintiff's father.

23. That same day, Plaintiff filed a complaint with the Human Resources Department to report the inexplicable racist behaviors of the gym director.

21. Plaintiff further requested Human Resources review the video which would show he did nothing wrong.

22. Following his complaint, June 27, 2017, Plaintiff attempted to renew his membership at the gym.

23. Plaintiff was informed by the University staff that he could no longer be a member of the gym.

24. The University of New Orleans Recreation & Fitness Center Guidelines & Procedures Handbook states any individual who is 16 years of age is eligible to join the Recreation and fitness center as a member.

25. Plaintiff has a membership for years and has never been in violation of the rules listed in The University of New Orleans Recreation & Fitness Center Guidelines & Procedures Handbook.

26. Based on the facts presented above, we have reason to believe that Plaintiff was purposefully and intentionally denied entry to the gym based on his race.

27. White members of the gym are permitted to frequent the gym free from harassment, false allegations, revocation of their membership, and without police being called.

## COUNT I

26. Plaintiff alleges paragraphs 6-27 and incorporates them by reference as paragraphs 6-16 in Count I of this Complaint.

27. Jurisdiction is further invoked upon 42 U.S.C § 1981 - Equal rights under the law, and on La. Const. Art. I, § 12: § 12- Freedom from Discrimination.

28. 42 U.S.C § 1981 - Equal rights under the law, makes it unlawful to be subjected to violation of the Plaintiff's contractual rights protected by 42 U.S.C. § 1981. By forcibly removing and preventing the Plaintiff from enjoying the contractual benefits associated with his membership fee, solely on the basis of his race or other impermissible rationale.

29. La. Const. Art. I, § 12: § 12- Freedom from Discrimination states In access to public areas, accommodations, and facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical condition.

30. By the conduct alleged, Defendant subjected Plaintiff to unlawful discrimination practices in violation of U.S.C. § 1981, and La. Const. Art. I, § 12: § 12.- Freedom from Discrimination.

31. Plaintiff was prevented from enjoying the contractual benefits associated with membership to the University's gym, solely on the basis of his race or other impermissible rationale, false police reports, false narratives of intimidation, and harassment based on race.

32. The University was made aware of the situation, but took no action in preventing it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff against the Defendant for the stated violations of U.S.C. § 1981.and La. Const. Art. I, § 12: § 12.- Freedom from Discrimination.

B. Award Plaintiff reasonable attorney's fees and cost of the suit;

C. Grant such other and further relief as this Court deems equitable and just.

Respectfully submitted,

s/Natalie Blackman

**Natalie Blackman #35662**
412 N. 4th St., Ste. 102
Room #124
Baton Rouge, LA 70802
Phone: (318) 639-4529
Fax:  (888) 463-4952
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Complaint has been served via electronic mail to all known counsel of record. Baton Rouge, Louisiana, this 6th day of July, 2018.

                              Respectfully submitted,

                              __/s/ Natalie Blackman__
                              Natalie Blackman #35662
                              412 N. 4th St. Suite 102
                              Baton Rouge, LA 70802
                              Phone: (318) 639-4529
                              Fax: (888) 463-4952