UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENN HOSEY | CIVIL ACTION |
| VERSUS | NO. 18-6536 |
| UNIVERSITY OF NEW ORLEANS | SECTION M (1) |

**ORDER & REASONS**

Before the Court is a motion to dismiss filed by defendant, the State of Louisiana, through the Board of Supervisors of the University of Louisiana System (the "Board"),[1] to which plaintiff Glenn Hosey ("Hosey") responds in opposition,[2] and in further support of which the Board replies.[3] Having considered the parties' memoranda and the applicable law, the Court issues this Order & Reasons.

**I.  BACKGROUND**

This matter concerns allegations of racial discrimination. On July 6, 2018, Hosey, an African-American man, filed this action against the Board alleging that he was prevented from using and renewing his gym membership at the University of New Orleans ("UNO") because of his race.[4] Hosey alleges that on June 13, 2017, the gym's receptionist refused to look up his membership information when he did not have his membership identification card.[5] He asked to speak with the assistant director and was given an email address.[6] Later that day, Hosey found his membership identification card, and was able to sign in and use the gym.[7] Hosey used the gym again on June 14, 2017, without incident.[8]

---

[1] R. Doc. 15.
[2] R. Doc. 16.
[3] R. Doc. 20.
[4] R. Docs. 1 & 13.
[5] R. Doc. 13 at 2.
[6] *Id.*
[7] *Id.*
[8] *Id.*

Hosey alleges that on June 15, 2017, he was informed that there was a block on his account and he would have to meet with the director at 2:00 p.m. before he could use the gym.[9] According to Hosey, the police were called to the meeting, and the gym director filed a false police report accusing him of skipping the line, sneaking into the building by using the handicap entrance, and engaging in hostile interactions with the staff on June 13, 2017.[10] The gym director also claims that she had incident reports concerning Hosey and his father, but refused to give Hosey the reports.[11] Hosey filed a complaint with UNO's human resources department regarding the gym director's alleged racist behavior.[12]

Hosey alleges that on June 27, 2017, he attempted to renew his gym membership, but was informed that he could no longer be a member of the gym.[13] Hosey alleges that he was denied entry to the gym based on his race and alleges that the Board is liable for violations of 42 U.S.C. § 1981 and Louisiana Constitution article I, § 12, because he was forcibly removed and prevented "from enjoying the contractual benefits associated with his membership fee, solely on the basis of his race or other impermissible rationale."[14]

## II.   Pending Motion

The Board filed the instant motion to dismiss for failure to state a claim arguing that Hosey's claims are prescribed.[15] The Board contends that Hosey's claims are subject to a one-year prescriptive period (*i.e.*, statute of limitations), and Hosey filed his claims more than one year after the alleged incidents.[16] Hosey argues that his claims brought under § 1981 are subject

---

[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at 4.
[14] *Id.* at 4-5.
[15] R. Doc. 15.
[16] R. Doc. 15-2 at 1-2.

to a four-year prescriptive period because he alleges that he was prevented from enjoying the benefits of his contractual gym membership.[17]

The Board agues in its reply memorandum that Hosey's Louisiana-law claim should be dismissed because he does not address it in his opposition memorandum and that his claim under § 1981 should be dismissed because it is really about the failure to renew the gym membership – that is, to enter into a contract, and not to enjoy a contract – because he was never denied admission to the gym while he was a member.[18]

## III. LAW & ANALYSIS

### A. Rule 12(b)(6) of the Federal Rules of Civil Procedure

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

---

[17] R. Doc. 16 at 1-3.
[18] R. Doc. 20 at 1-5.

3

550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Id.* However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453,

457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. Section 1981 Claim

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts …." 42 U.S.C. § 1981. Initially, the Supreme Court interpreted § 1981 to apply only to contract formation, not discriminatory conduct in the execution of a contract. *Patterson v. McLean Credit Union*, 491 U.S. 164, 183-85 (1989), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071. Congress amended § 1981 in 1991 to clarify that it applied to the "performance" of a contract as well as the "enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Civil Rights Act of 1991 § 101 (codified at 42 U.S.C. § 1981(b)).

The statute of limitations applicable to § 1981 post-formation claims differs from the one applicable to formation claims. *Lewis v. City of Shreveport*, 2018 WL 752362, at *5 (W.D. La. Feb. 7, 2018). Louisiana's one-year prescriptive period for torts applies to contract formation claims. *Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 341 (5th Cir. 2005) (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985)). However, in 1990, Congress created a general four-year statute of limitations for federal civil actions, and the Supreme Court has held that causes of action authorized by the 1991 amendment to § 1981 – that is, claims related to contractual performance – are subject to that statute of limitations. *Id.* (citing Pub. L. 101-650 § 313(a), 104 Stat. 5114 (codified at 28 U.S.C. § 1658); *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004)).

5

In this case, Hosey alleges that the Board discriminated against him in the performance of his gym membership contract by not allowing him immediate access to the facility on June 13, 2017, and by blocking his access on June 15, 2017. These contractual performance claims are subject to the four-year statute of limitations and are timely filed. However, Hosey also alleges that the Board discriminated against him by refusing to allow him to renew his gym membership on June 27, 2017. This is a contract formation claim that is subject to the one-year statute of limitations. Because he filed this complaint on July 6, 2018, more than a year after June 27, 2017, this claim is time barred and dismissed with prejudice.

### C. Louisiana State-Law Discrimination Claim

Hosey alleges that the Board violated article I, § 12 of the Louisiana Constitution, which prohibits discrimination in public areas, accommodations, and facilities. Louisiana's one-year prescriptive period applies to constitutional torts. *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982) (citing *O'Sullivan v. Felix,* 233 U.S. 318, 323 (1914); *Proctor v. Flex,* 567 F.2d 635, 636 (5th Cir.1978); *Hurie Jones v. Orleans Parish Sch. Bd.,* 688 F.2d 342, 344 (5th Cir.1982)). In his opposition memorandum, Hosey fails to argue against the dismissal of his Louisiana state-law claim, which is prescribed on its face. Therefore, the Board's motion to dismiss Hosey's Louisiana state-law claim is granted.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that the Board's motion to dismiss for failure to state a claim is GRANTED as to Hosey's § 1981 contract formation claim and Louisiana state-law discrimination claim. The motion is DENIED as to Hosey's § 1981 contractual performance claims.

New Orleans, Louisiana, this 1st day of May, 2019.

                                                                _____
                                                                 BARRY W. ASHE
                                                                 UNITED STATES DISTRICT JUDGE